UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HILTON MILLER,<br>　　　　　　　　　　Plaintiff,<br>v.<br>SOCIAL SECURITY ADMINISTRATION and NANCY BERRYHILL, ACTING COMMISSIONER,<br>　　　　　　　　　　Defendants | Civ. No. 18-8040 (KM/MAH)<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

The plaintiff, Hilton Miller, is an administrative law judge ("ALJ") in the Social Security Administration ("SSA"). His Amended Complaint asserts claims of workplace discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Although it lumps them together, the Amended Complaint asserts three distinct claims. Claim 1 is that the SSA discriminatorily denied Judge Miller appointment as hearing office chief administrative law judge ("HOCALJ") in 2014. Claim 2 is that SSA, for discriminatory or retaliatory reasons, terminated his temporary position as acting HOCALJ in 2016. Claim 3 is that SSA again denied him appointment as HOCALJ in 2017.

Defendant has moved to dismiss the first and third claims based on failure to exhaust administrative remedies. For the reasons stated herein, that motion is granted.

### I. Standard

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are

1

accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

When deciding a motion to dismiss, a court typically does not consider matters outside the pleadings. However, a court may consider documents that are "integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis and citations omitted); *see In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

In particular, courts considering motions to dismiss have relied on EEO files that are integral to the allegations of the complaint. *See, e.g., Smith v.*

*Pullman*, 420 F. App'x 208, 213 (3d Cir. 2011) (considering EEO documents in connection with a claim of failure to exhaust administrative remedies); *Saba v. Middlesex Cty. Bd. of Soc. Servs.*, No. 16-CV-4712 (BRM), 2017 WL 2829618, at *5 (D.N.J. June 30, 2017); *Cummings v. Princeton Univ.*, No. 15-CV-8587 (FLW), 2016 WL 6434561, at *1-2 (D.N.J. Oct. 31, 2016). With the motion to dismiss, the SSA has submitted two declarations attaching documents from the EEO administrative proceedings. (P-L Decl. (DE 17-1); Crawf. Decl. (DE 17-2))[1]

As regards exhaustion of remedies, such documents are considered not for their truth but only for their legal effect. Further, the plaintiff does not seem to dispute the issue of what claims he raised at the administrative level; he only disputes the legal necessity of doing so as a matter of law.[2] I will therefore consider certain of the EEO documents here.

## II. Discussion

### A. The Title VII Exhaustion Requirement

Plaintiff Hilton Miller, an administrative law judge (ALJ) employed by the Social Security Administration ("SSA"), claims that he has been the victim of racial discrimination in the workplace. He has filed this action against SSA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

---

[1] For ease of reference, certain items from the record will be abbreviated throughout this Opinion as follows:

DE = Docket entry number in this case;

AC = Amended Complaint (DE 7)

SSA Brf = Defendants' Brief in support of motion to dismiss (DE 17-1)

Pl. Brf = Plaintiff's Brief in opposition to motion to dismiss (DE 20)

SSA Reply = Defendants' Reply Brief in support of motion to dismiss (DE 24)

P-L Decl. = Declaration of Reita Pierre-Louis and attached Exhibits (DE 17-2)

Crawf. Decl. = Declaration of Monika Crawford and attached Exhibits (DE 17-3)

[2] I have taken a more cautious approach where the complaint adequately alleged exhaustion of administrative remedies and the facts surrounding exhaustion appeared to be disputed. *See DeSantis v. New Jersey Transit*, 103 F. Supp. 3d 583, 592 (D.N.J. 2015) (declining to consider EEO documents on Rule 12(b)(6) motion).

3

With respect to Title VII, the government has conditioned its waiver of sovereign immunity on "rigorous administrative exhaustion requirements and time limitations." *Brown v. GSA*, 425 U.S. 820, 833 (1976).

> " 'It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief.' " *Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)). "In particular, '[t]he Supreme Court has explained that when Title VII remedies are available, they must be exhausted before a plaintiff may file suit.' " *Id.* (quoting *Spence v. Straw*, 54 F.3d 196, 200 (3d Cir. 1995)). The Third Circuit has "explained that the purposes of the exhaustion requirement are to promote administrative efficiency, 'respect[ ] executive autonomy by allowing an agency the opportunity to correct its own errors,' provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile the factual record." *Robinson*, 107 F.3d at 1020 (quoting *Heywood v. Cruzan Motors, Inc.*, 792 F.2d 367, 370 (3d Cir. 1986)).
>
> "Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, establishes the virtually exclusive remedy for federal employees who allege discrimination in the workplace." *Green v. Potter*, 687 F. Supp. 2d 502, 513 (D.N.J. 2009) (Simandle, C.J.), *aff'd sub nom. Green v. Postmaster Gen. of U.S.*, 437 F. App'x 174 (3d Cir. 2011). Exhaustion under Title VII "requires both consultation with an agency counselor and filing a formal EEOC complaint within the required times." *Robinson*, 107 F.3d at 1021.

*Paul v. Tsoukaris*, No. CV135891KMJBC, 2017 WL 1033771, at *6 (D.N.J. Mar. 17, 2017) (footnotes omitted).

More specifically, exhaustion of remedies in the Title VII context has three required steps:

> *First*, the employee must contact an EEO counselor within 45 days of the effective date of any employment action;
>
> *Second*, the employee must file a formal administrative complaint within 15 days after receiving a notice of right to file a discrimination complaint from the counselor;

4

*Third*, the employee must either appeal the agency's final decision to the EEOC or file a civil action in federal district court within 90 days of receiving the final action, or if no final action has been taken, after 180 days from the filing of the initial complaint.

*See* 29 C.F.R. §§ 1614.105-1614.109, 1614.401, 1614.407(a), (b); *see also Winder v. Postmaster Gen.*, 528 F. App'x 253, 255 (3d Cir. 2013); *Dixon v. Sec'y U.S. Dep't of Veteran Affairs*, 607 F. App'x, 154 (3d Cir. 2015).

### B. Failure to Exhaust Claims 1 and 3

#### 1. Claim 1 (the 2014 appointment)

A claimant who does not appeal the agency's decision within the EEOC must file a civil action in federal district court within 90 days of receiving the final action. *See* Section II.A, *supra*; *see also Jayhee Cho v. Elaine Chao*, Civ. No. 16-2793, 2018 WL 1087499 at *3 (D.N.J. Feb. 28, 2018). That 90-day period acts as a statute of limitations, and a suit not filed within that period is subject to dismissal. *Griffin v. Dep't of Human Servs.*, No. CV1814697FLWLHG, 2019 WL 3369783, at *5 (D.N.J. July 26, 2019) (citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999); *Rockmore v. Harrisburg Prop. Serv.*, 501 F. App'x 161, 164 (3d Cir. 2012)).

In 2014, ALJ Miller and two other persons responded to a posted and reposted vacancy, the position of HOCALJ. (AC ¶¶ 5, 7) Judge Miller, who is African-American, did not get the job; ALJ Louis Catanese, who is racially Caucasian, did. (AC ¶¶ 8–10)

Judge Miller brought Claim 1 before the EEOC. It is undisputed that he initiated contact with an EEO counsel, as required, and thereafter filed a formal complaint. Following discovery, SSA moved for and was granted summary judgment on September 27, 2017. (P-L Dec. Ex. 2; Crawf. Decl. Ex. 5) The EEOC issued its final decision on October 13, 2017. (Crawf. Decl. Ex. 6) Judge Miller did not appeal that decision within the EEOC. (P-L Decl. ¶ 5)

The 90-day deadline to file suit in federal court, then, began running on October 13, 2017, and expired on January 11, 2018. This action was filed over

5

three months later, on April 19, 2018, well beyond the deadline. Claim 1, then, is barred.

The plaintiff does not really contend otherwise. In his responding brief, ALJ Miller suggests that SSA's motion is one to "strike" the paragraphs of the complaint containing the factual allegations supporting Claim 1. He argues that he is "entitled to lay out this factual history between the parties." (Pl. Brf. 1) These facts, he says, are properly considered "as background evidence in support of a timely claim." *Id.* 3 (citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). This is not a motion to strike, or a motion *in limine*. It is a motion to dismiss Claim 1 for failure to state a claim upon which relief may be granted. Because ALJ Miller neither filed an appeal within the EEOC nor filed a timely district court action, Claim 1 must be dismissed as a basis for relief. Whether the facts surrounding Claim 1 would nevertheless be admissible in evidence in support of some other claim is a separate matter which I do not decide.

### 2. Claim 2 (the 2016 temporary-position termination)

SSA does not seem to dispute that ALJ Miller exhausted his administrative remedies as to Claim 2, based on the termination of his temporary position as acting HOCALJ in 2016, and that this district court action was timely filed within 90 days of final agency action on that claim.

In June 2016, ALJ Catanese left the position of hearing office chief administrative law judge. At that time, ALJ Miller was appointed to the position on an "acting" basis for three months, and extended for another three months. (AC ¶¶ 13–16) On December 19, 2016, SSA notified him that his assignment as acting HOCALJ would be concluding. (AC ¶ 21)

On January 10, 2017, Judge Miller initiated a second EEO proceeding by first requesting counseling and then filing a formal complaint. He alleged that he was terminated from the acting position in retaliation for his having filed the first EEO complaint. (P-L Decl. Ex. 7)

6

On January 15, 2018, SSA issued its final decision on this second complaint, finding that SSA did not discriminate or retaliate when it ended ALJ Miller's temporary position as acting HOCALJ. (P-L Decl. Ex. 9)

Again, it was on April 19, 2018, that ALJ Miller filed his *pro se* complaint in this district court action. That filing, though not timely as to Claim 1, is conceded to be timely as to Claim 2.[3]

### 3. Claim 3 (the 2017 appointment)

On July 27, 2017, SSA posted another vacancy for the position of hearing office chief judge. (AC ¶ 23) ALJ Miller did not get the job; the person who did, ALJ Gina Pesari, is racially Caucasian. (AC ¶¶ 24–26)

Judge Miller again initiated EEO proceedings by seeking counseling on February 7, 2018. On March 9, 2018, the counselor sent him a Notice of Right to File a Formal EEO Complaint. (P-L Dec. Ex. 10) ALJ Miller did not follow up with a formal EEO complaint relating to Claim 3, within the 15-day deadline or at any time. (*Id.* ¶ 11)

The assertion of Claim 3 in this action, then, was not preceded by a separate EEO complaint or final decision at all.

ALJ Miller responds that exhaustion was not required as to Claim 3, essentially because it can piggy-back on Claim 2. For new acts of discrimination, he argues, the claimant is not required to return to the EEOC and restart the process. In support, he cites old Third Circuit case law, *e.g.*, *Anjelino v. New York Times Co.*, 200 F.3d 73, 93–95 (3d Cir. 1999), (reversing finding of non-exhaustion based on distinction between EEOC complaint alleging "abusive atmosphere" and district court action alleging hostile work environment sexual harassment was reasonably within the scope of the EEOC

---

[3] The relevant 90-day deadline runs from "receipt of the final action." 29 C.F.R. § 1614.407. From January 15, 2018 to April 19, 2018 is a period of 94 days. The Amended Complaint rather vaguely alleges that ALJ Miller received the final decision "the following week" and that he "timely" filed his pro se Complaint "on or about April 18, 2018." (AC ¶ 5) He does not say exactly when in "the following week" he received the decision (although, to be fair, January 15 was a Monday, so he may have meant to imply a lapse of at least seven days). The complaint was actually filed on April 19, not April 18, 2018.

7

charge). Such cases, he argues, were not affected by the subsequent holding in *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002), which does not address the question of "whether a previously filed EEOC complaint must be amended to encompass subsequent acts susceptible to judicial review." (Pl. Brf. 4 (citing *Rivera v. Puerto Rico Aqueduct Sewers Auth.,* 331 F.3d 183, 189 (1st Cir. 2003)). Thus, he says, the issue is merely whether such conduct would have reasonably fallen within the scope of the EEOC investigation; if so, it should be considered exhausted. Thus, the argument runs, Claim 3, involving the 2017 appointment, because it is reasonably related to Claim 2, may be added to this action without having gone through a separate process of exhaustion of administrative remedies.

Not in this case, says the SSA. Primarily, the procedural issue involves the distinction between an ongoing hostile work environment claim (not alleged here) and allegations of discrete discriminatory employment actions:

> This issue was resolved by the Supreme Court in *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S. Ct. 2061, 153 L.Ed.2d 106 (2002). Morgan established a bright-line distinction between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim. The former must be raised within the applicable limitations period or they will not support a lawsuit. *Id.* at 113, 122 S. Ct. 2061 ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act."). The latter can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period. *Id.* at 105, 122 S. Ct. 2061 ("[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period.").

*O'Connor v. City of Newark,* 440 F.3d 125, 127 (3d Cir. 2006).

ALJ Miller's claims are discrete, well-defined employment actions—the allegedly discriminatory selection of someone else for a particular posted job vacancy in 2014 and 2017, and the termination of a temporary appointment in 2016. Particular discriminatory demotions or failures to promote, however—like the ones alleged here—constitute discrete, individually-actionable claims. *See Morgan*, 536 U.S. at 114, 122 S. Ct. 2061 (failure to promote is discrete act that constitutes separate actionable unlawful employment practice). Each discrete claim must be brought within the applicable limitations period. *See also Griffin*, 2019 WL 3369783, at *6.

I underline, moreover, that lumping multiple, discrete actions together in a single count in a district court complaint—as plaintiff has done here—does not relieve a plaintiff of the obligation to exhaust each one. *See McCann v. Astrue*, 293 F. App'x 848 (3d Cir. 2008) (two-count complaint alleging discriminatory denial of thirteen applications for promotion; rejecting "continuing violation" theory and dismissing all for failure to exhaust except for the two that were presented to the EEOC).

In arguing that Claim 2 and Claim 3 constitute a linked, ongoing violation, ALJ Miller relies heavily on "hostile environment" cases. Those cases, however, involve an ongoing series of events *actionable as such*. The standards announced in those hostile-environment cases do not apply to these discrete, individually-actionable events.

To the extent they may pertain to discrete acts, the cases on which the plaintiff relies are nevertheless distinguishable, as Judge Buckwalter has pointed out:

> The cases cited by Plaintiff in opposition to Defendant's Motion are distinguishable as they involved retaliation claims that, while not specifically mentioned in the original administrative charge, occurred prior to or during the administrative agency's investigation and, thus, could be said to be fairly within the scope of that investigation. *See Waiters v. Parson*, 729 F.2d 233, 237–38 (3d Cir. 1984) (declining to find suit barred for failure to exhaust administration remedies because although the specific retaliation claim was not raised in the formal EEOC complaint, the EEOC

9

district director concluded that a pattern of events that occurred
after the plaintiff's filing of an informal complaint a year earlier
demonstrated retaliation); *Howze v. Jones & Laughlin Steel Corp.*,
750 F.2d 1208, 1212 (3d Cir. 1984) (finding new retaliation claim
could fairly be considered an explanation of the original failure to
promote charge where the events occurred prior to conclusion of
EEOC investigation and the defendant did not argue that the
retaliation charge was beyond the scope of the original
discrimination claim or that a reasonable investigation by the
EEOC would not have encompassed that retaliation charge) . . . .

*Flora v. Wyndcroft Sch.*, No. CIV.A. 12-6455, 2013 WL 664194, at *7 (E.D. Pa. Feb. 25, 2013).

Take, for example, *Anjelino v. New York Times Co.*, 200 F.3d 73, 93–95 (3d Cir. 1999), on which the plaintiff relies. *Anjelino* did no more than reverse a finding of non-exhaustion based on a too-narrow interpretation of the claim the employee brought before the EEOC. That plaintiff's rejected EEOC complaint alleged an "abusive atmosphere"; the subsequent district court complaint alleged hostile work environment sexual harassment. Close enough, said the Third Circuit; such allegations were reasonably within the scope of the EEOC complaint charge that the plaintiff brought.

The issue in those cases was whether an issue that could have been addressed in the EEOC's ongoing investigation, even if it was not addressed, should nevertheless be regarded as exhausted. To put it another way, an issue will not be barred if the EEOC was at fault for conducting too narrow an investigation.

Such holdings do not assist ALJ Miller here. On this record, I cannot find that Claim 3 was timely brought to the EEOC's attention during the Claim 2 investigation or was reasonably within the scope of the Claim 2 investigation. The chronology makes this clear:

 12/19/2016 - SSA notifies ALJ Miller his temporary assignment is concluding (the subject of Claim 2)

 1/10/2017  - ALJ Miller initiates EEO proceeding on Claim 2 by requesting counseling, followed by formal complaint

10

| | | |
|---|---|---|
| 7/19/2017 | - | SSA completes investigation of Claim 2 (P-L Decl. Ex. 9 p. 2) |
| 9/15/2017 | - | SSA sends completed Report of Investigation of Claim 2 to ALJ Miller and his representative (P-L Decl. Ex. 9 p. 2) |
| 12/5/2017 | - | Claim 3 position of HOCALJ awarded to other candidate |
| 1/15/2018 | - | SSA issues final decision on Claim 2 |
| 2/7/2018 | - | ALJ Miller initially brings Claim 3 to EEOC by requesting counseling (*See* P-L Decl. Ex. 10) |
| 3/9/2018 | - | Counselor sends Notice of Final Interview and Right to File a Formal EEO Complaint re: Claim 3. No EEO complaint is filed. (P-L Decl. Ex. 10) |
| 4/19/2018 | - | ALJ Miller files initial *pro se* district court complaint, containing Claims 1, 2, and 3 |

On this record, I cannot conclude that Claim 3 was fairly placed before the EEOC for its investigation and consideration as part of the Claim 2 process.

Claim 3, then, is dismissed for failure to exhaust administrative remedies.

### III. Conclusion

For the reasons stated above, SSA's motion to dismiss the Amended Complaint insofar as it asserts Claims 1 and 3 is GRANTED. Since amendment of the complaint as to these unexhausted claims would be futile, this dismissal is entered with prejudice. Only Claim 2 remains.

An appropriate order is filed together with this Opinion.

Dated: September 6, 2019

Kevin McNulty
**United States District Judge**